IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA HATMON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-3514-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge (ALJ) denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Jessica Hatmon in a decision dated September 13, 2011 (Tr. 9-18). The Appeals Council denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

(1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff contends the ALJ improperly weighed the opinion evidence in the record, improperly failed to consider the claimant's abdominal pain in determining the claimant's residual functional capacity (RFC), and in finding the claimant's subjective complaints not credible (Doc. 8). The Court has reviewed the medical evidence in the record, the hearing testimony, and the ALJ's opinion, and finds, consistent with the arguments of the defendant, that the ALJ's decision is based upon substantial evidence on the record as a whole.

The ALJ properly considered and weighed the opinion evidence in the record. He gave significant weight to the opinion of examining psychologist Dr. Frederick because he found Dr. Frederick's opinion well-supported, internally consistent, and consistent with other medical records. He discounted the medical source statement of treating physician Dr. Wells, because his opinions

were conclusory and contained little explanation or support. In all, the ALJ gave good reasons for weight afforded to the opinions appearing in the record, which is the the ALJ's responsibility. *See Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians.").

The ALJ also did not err in his RFC determination. He found the claimant's abdominal pain not severe because the routine and conservative treatment provided was effective in controlling the claimant's symptoms. Thus, he did not consider the claimant's abdominal pain in determining the RFC. Regarding the claimant's credibility, the ALJ also did not err. He sufficiently supported his credibility determination by citing to inconsistencies between the claimant's subjective complaints, including her statements regarding her daily activities, and the medical and other evidence in the record. In making his RFC determination, the ALJ took into account her difficulties coping with stress, concentration, and dealing with the public and co-workers.

Taken together, the ALJ's opinion is based upon substantial evidence on the record as a whole. Furthermore, the decision falls within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: March 5, 2014**

        /s/ *David P. Rush*
        **DAVID P. RUSH**
        **United States Magistrate Judge**